**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MICHAEL H.,

                     Petitioner,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,[1]

                     Respondent.

Civil No. 21-850 (JRT/JFD)

**ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS AND DENYING
PETITIONER'S MOTIONS**

---

Michael H., P.O. Box 3219, Minot, ND 58702, *pro se* petitioner.

Kizuwanda Curtis, **Social Security Administration Office of the General Counsel**, 1301 Young Street, Mailroom 104 Dallas, TX 75202, for respondent.

Petitioner Michael H. filed a petition seeking a writ of mandamus compelling the Commissioner of Social Security to modify the Social Security Disability Insurance benefits provided to Petitioner by the Social Security Administration ("SSA"). The Commissioner filed a motion to dismiss the petition for lack of subject matter jurisdiction. Because Petitioner has failed to demonstrate that he has exhausted his administrative remedies,

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021 after the petition was filed. Kijakazi is automatically substituted as the respondent in this matter for Andrew M. Saul, the former Commissioner of Social Security. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

CASE 0:21-cv-00850-JRT-JFD   Doc. 58   Filed 03/23/22   Page 2 of 18

the Court lacks jurisdiction to consider the petition and will grant the motion to dismiss.

Petitioner has also filed various other motions which the Court will deny.

## BACKGROUND

On April 6, 2020, Petitioner filed an application for Social Security disability

insurance benefits.  (Mem. Supp. Mot. Dismiss, Ex. 1, Oct. 29, 2021, Docket No. 39-2.)  On

February 3, 2021, SSA sent Petitioner a notice informing him that he is eligible for benefits

and would receive a check for $41,895.98 for the benefits he was owed through January

2021 and then would receive $1,368 in benefits each month thereafter.  (Mem. Supp.

Mot. Dismiss, Ex. 2 ("Benefits Notice") at 1, Oct. 29, 2021, Docket No. 39-3.)[2]  The notice

informed Petitioner that if he did not agree with this decision, he had the right to appeal

but must do so within 60 days beginning 5 days after the February 3, 2021 notice's

issuance.  (*Id.*)  Thus, his deadline to appeal was April 9, 2021.  The notice also informed

Petitioner that he could appeal after more than 60 days if he had a good reason for the

delay and provided some instructions on how to appeal including using an SSA form

entitled a "Request for Reconsideration."  (*Id.* at 2.)

On March 26, 2021, Petitioner filed a Petition in this Court.   (Pet. Writ of

Mandamus, Mar. 26, 2021, Docket No. 1.)  He later filed an Amended Petition which is

now the operative pleading in this case.  (Am. Pet. Writ of Mandamus ("Am. Pet."), May

---

[2] For clarity, the Court will use the ECF pagination for this and all filings in the case.

5, 2021, Docket No. 8-1; Order, July 21, 2021, Docket No. 20.)[3] Petitioner seeks a writ of

mandamus compelling the Commissioner to accurately calculate all benefits due and

award him those benefits and to grant him a hearing before an Administrative Law Judge

("ALJ").  (Am. Pet. at 8–11.)  Petitioner claims that instead of the $41,895.98 he received,

he is owed more than $84,000 based upon what he argues is the proper date of disability.

(*Id.* at 2.)  He further claims that he was promised at least three times he would receive

$84,000.  (*Id.*) Petitioner also alleges that when he asked for the reconsideration form, an

SSA employee told him there was "nothing to appeal." (*Id.* at 3.)  The Amended Petition

never indicates that he has filed any appeal.  Instead, he claims that exhaustion would be

futile and that being told there was "nothing to appeal" meant that SSA had reached a

final decision.  (*Id.* at 6–9.)  In addition to his petition for a writ of mandamus, Petitioner

has filed numerous other motions reiterating his request for a writ of mandamus and

seeking other forms of action.

On October 29, 2021, the Commissioner filed a Motion to Dismiss Petitioner's

petition asserting the Court lacks subject matter jurisdiction because Petitioner has not

exhausted his administrative remedies.  (Mot. Dismiss, Oct. 29, 2021, Docket No. 38;

Mem. Supp. Mot. Dismiss, Oct. 29, 2021, Docket No. 39.)

---

[3] Petitioner filed another Petition for a Writ of Mandamus without requesting the Court's leave to amend or obtaining the Commissioner's consent.  (Mot. Writ of Mandamus, Oct. 19, 2021, Docket No. 37.)  Therefore, this filing is not the operative pleading.  It, however, contains essentially the same allegations and requests for relief as the operative petition and overlaps with other filings.

**DISCUSSION**

Petitioner has proceeded pro se in this case.  Therefore, the Court will construe his Amended Petition and the various other motions he has filed liberally and address various possible motions and grounds for relief that the filings may be reasonably construed as raising.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bracken v. Dormire*, 247 F.3d 699, 703 (8th Cir. 2001).

## I.      PETITIONER'S PETITION

A court must dismiss an action if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  In a facial challenge to subject matter jurisdiction under Federal Rule of Procedure 12(b)(1), the Court accepts the factual allegations in the pleadings as true and draws all reasonable inferences in favor of the nonmoving party.  *Wieland v. U.S. Dep't of Health & Hum. Servs.*, 793 F.3d 949, 953 (8th Cir. 2015); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("[T]he non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).")  The Court therefore generally considers only the pleadings but may also consider matters of public record and materials necessarily embraced by the pleadings.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (discussing what materials a court may consider on a Rule 12(b)(6) motion).  The plaintiff bears the burden of proving the existence of subject matter jurisdiction.  *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013).

### A.       Jurisdiction Under the Social Security Act

The Commissioner brings the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing the Court lacks subject matter jurisdiction to consider Petitioner's case under the Social Security Act.

Sovereign immunity is a threshold issue implicating a court's subject matter jurisdiction. *Harmon Indus., Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999). "Sovereign immunity bars claims against federal officials in their official capacities unless a waiver of sovereign immunity is 'unequivocally expressed.'" *Hagemeier v. Block*, 806 F.2d 197, 202 (8th Cir. 1986) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

Petitioner is suing the Commissioner in her official capacity, and the suit implicates sovereign immunity.  This is so because the relief Petitioner seeks would compel SSA to recalculate his benefits and ultimately pay him approximately $42,000.  *See Hagemeier*, 806 F.2d at 202 ("[A] suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act." (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal quotation omitted))); *see also Allen v. Comm'r of Soc. Sec.*, 16-1298, 2017 WL 1102665, at *2 (S.D.N.Y. Mar. 23, 2017).  Therefore, a waiver of sovereign immunity is a "prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

Congress waived sovereign immunity in 42 U.S.C. § 405 for certain Social Security cases.  This waiver, however, is not unlimited.  Congress waived sovereign immunity and allowed for judicial review of SSA determinations only as provided in § 405.  42 U.S.C. § 405(h).  Judicial review is permitted only "after any final decision of the Commissioner of Social Security made after a hearing to which [the challenger] was a party."  42 U.S.C. § 405(g).

"Final decision" is not defined by § 405; its meaning is defined by SSA regulations. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).  SSA regulations establish a four-step administrative process: (1) an initial determination of benefits, (2) a reconsideration by SSA after a request by the claimant, (3) an appeal of the reconsideration through a hearing before an administrative law judge, and (4) a review by the Appeals Council.  20 C.F.R. § 404.900(a).  The regulations provide that once a person has completed these steps, SSA "will have made [its] final decision" and, if a person is still dissatisfied, this final decision can be challenged in a federal district court.  *Id.* § 416.900(a)(5).  In sum, the Commissioner's decision is not final until the claimant has exhausted these administrative remedies.  *Sipp v. Astrue*, 641 F.3d 975, 979–80 (8th Cir. 2011).

Petitioner has not obtained a final decision from SSA.  He has only received an initial determination and has not filed a request for reconsideration after this initial

determination.  (*See* Am. Pet. at 3, 6–9.)[4]  Because he did not exhaust his administrative

remedies before seeking judicial review, there is no final decision.

Petitioner tries to counter this by asserting that an SSA employee told him there

was "[n]othing to appeal" and that this means he received a final decision.  (*Id.* at 3, 7, 9.)

There are two problems with this argument.  First and most importantly, SSA regulations

do not provide that a statement by an SSA employee that there is "nothing to appeal" in

response to a request for a form is a final decision.  Second, the official notice from SSA

specifically informed him that he had a right to appeal the decision and informed of how

to appeal the decision.  (Benefits Notice at 1–2.)  While it would be concerning if an SSA

employee refused to provide Petitioner the Request for Reconsideration form as he

seems to assert, (*see* Am. Pet. at 6–7), especially as he was told he could request the form

from SSA, (Benefits Notice at 2), this would still not constitute a final decision.[5]

Because Petitioner has not exhausted his administrative remedies, Petitioner

cannot invoke the § 405 waiver of sovereign immunity.  Thus, the Court lacks subject

matter jurisdiction and must dismiss the case unless some exception applies.

---

[4] Moreover, as Petitioner acknowledged in a later filing, SSA has "held no hearings" in the case.  (Objs. & Rule 11 Sanctions & Appoint Counsel at 2, Aug. 12, 2021, Docket No. 22.)  42 U.S.C. § 405(g) only permits filing a civil action "after any final decision . . . made after a hearing."  If SSA held no hearings, then an action could not yet be filed in federal court. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1774–75 (2019).

[5] The Benefits Notice also let Petitioner know that he could get the Request for Reconsideration form online.  (Benefits Notice at 2.)  Petitioner could have also requested the form from another employee.

The administrative exhaustion requirement can be waived. *Degnan v. Burwell*, 765

F.3d 805, 808 (8th Cir. 2014).  It can be waived "either by consent of the commissioner or

in exceptional circumstances by the court." *Sipp*, 641 F.3d at 980*.*  Nothing indicates the

Commissioner consented to waive exhaustion and is not now consenting to waiver as the

Commissioner expressly invoked the failure to exhaust as the grounds for dismissal.

Therefore, only if there are exceptional circumstances may the Court waive the

requirement.

"Courts may waive the exhaustion requirement if the claimants establish: (1) their

claims to the district court are collateral to their claim of benefits; (2) that irreparable

injury will follow; and (3) that exhaustion will otherwise be futile." *Degnan*, 765 F.3d at

808 (quotation omitted).

Petitioner's petition is directly challenging the amount of his benefits.  While

Petitioner raises some collateral issues in his petition, including possible First Amendment

violations,[6] the remedy he seeks in his petition is recalculating the amount of his benefits

and having a hearing to do so before an ALJ.  Calculating his benefits is not collateral to

his claim of benefits. *See Clarinda Home Health v. Shalala*, 100 F.3d 526, 531 (8th Cir.

1996); *Schoolcraft v. Sullivan*, 971 F.2d 81, 86 (8th Cir. 1992).

---

[6] To the extent that Petitioner would like to bring these other claims, they must be made in a properly filed *Bivens* complaint or another action.  Therefore, the Court will not consider other possible claims here.

Petitioner also will not suffer irreparable harm by completing the administrative process before seeking judicial review.  If Petitioner is entitled to additional benefits, his injury can be remedied through a retroactive reward.  Moreover, he receives monthly benefits such that SSA is not depriving him of the income required to secure basic necessities.  *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (noting that deprivation of "most or all of the income required to secure basic necessities" may be an irreparable harm).  Petitioner also asks the Court to compel SSA to give him a hearing before an ALJ.  An ALJ hearing is only proper after SSA completes a reconsideration at a claimant's request.  Petitioner will not suffer an irreparable harm by following SSA's established procedure before having a hearing with an ALJ.

Petitioner asserts that exhaustion would be futile here.  His support for this seems to be that an SSA employee told him that he had nothing to appeal.  This is insufficient to establish futility especially when he was told by an official SSA notice that he could request reconsideration.  The futility inquiry also examines more than just the likelihood that the administrative process will result in the outcome the claimant seeks.  Futility includes whether the administrative process will serve the purposes of exhaustion including whether it will allow the agency "an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."  *Schoolcraft*, 971 F.2d at 87 (quoting *Salfi*, 422 U.S. at 765).  Nothing in Petitioner's petition indicates that these

purposes would not be served here.  Even if one employee told him there was nothing to

appeal or otherwise treated him unfairly, his request for reconsideration would be heard

by someone uninvolved in his original determination and would be heard by yet a

different person if he appealed the reconsideration to an ALJ.  20 C.F.R. § 404.915(a); *see*

20 C.F.R. §§ 404.929, 404.940.  But even if the administrative process were futile, this

would not be enough to waive the administrative process because Petitioner's petition is

neither collateral nor will he suffer irreparable harm.  *See Degnan*, 765 F.3d at 809

(holding that futility "does not warrant waiver of the exhaustion requirement on its

own").

Because Petitioner fails to properly allege that he exhausted the administrative

process or that waiver is warranted even with all reasonable inferences construed in his

favor, the Court does not have subject matter jurisdiction over this case through

operation of § 405.[7]

**B.   Jurisdiction Under the Mandamus Act**

Petitioner styles his Amended Petition as a Petition for a Writ of Mandamus.

Federal courts have jurisdiction under 28 U.S.C. § 1361 to consider such petitions

challenging SSA procedures.  *Mitchael v. Colvin*, 809 F.3d 1050, 1054–55 (8th Cir. 2016)

---

[7] In addition to waiver, the Court notes that in some circumstances irrelevant here it may
not be necessary for fully complete all four steps in SSA's process to obtain judicial review.  *See*
*Smith v. Berryhill*, 139 S. Ct. 1765, 1780 (2019) (holding that an Appeals Council dismissal of a
request for review as untimely after an ALJ hearing on the merits qualifies as a final decision).

("[The] jurisdictional limits of § 405 [do] not prohibit the exercise of mandamus jurisdiction where mandamus jurisdiction [is] otherwise appropriate."). Mandamus, however, is available to a "plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Mitchael*, 809 F.3d at 1054. Determining the level of benefits involves discretion, therefore the Court cannot issue a writ of mandamus compelling the Commissioner to set a precise benefit level. Even if it did not involve discretion, as discussed above, Petitioner has administrative remedies available to him to adjust his benefits through SSA's procedures: a request for reconsideration then an appeal to an ALJ followed by review by the Appeals Council. Petitioner's request for a hearing before an ALJ may not be discretionary but he has not exhausted his administrative remedies of requesting one directly from SSA after a completed reconsideration at his request. Therefore, the Court lacks mandamus jurisdiction and will not issue a writ of mandamus. *Degnan*, 765 F.3d at 810 (affirming denial of mandamus when an appellant may pursue relief via an administrative process).

Because the Court lacks jurisdiction over Petitioner's Amended Petition whether directly through 42 U.S.C. § 405 or through 28 U.S.C. § 1361 as a writ of mandamus, the Court will dismiss the Amended Petition.[8]

---

[8] The Court will dismiss the Amended Petition but do so without prejudice for two reasons. First, if Petitioner successfully exhausts his administrative remedies, he would then be authorized to challenge the then-final decision if he is still dissatisfied. 42 U.S.C. § 405(g).

## II.      PETITIONER'S OTHER FILINGS

### A.      Motions for Writs of Mandamus

Petitioner filed a motion for a writ of mandamus compelling the Commissioner to issue Petitioner the Social Security benefits he believes he is owed and compelling the Federal Bureau of Investigation ("FBI") to investigate alleged crimes SSA employees have committed against him.  (Mot. Writ of Mandamus, May 20, 2021, Docket No. 12.)  He also filed yet another motion for a writ of mandamus to compel the Commissioner to award him the benefits he seeks.  (Mot. Writ of Mandamus, Oct. 19, 2021, Docket No. 37.)   For the reasons detailed above, the Court will not issue a writ to the Commissioner.  As to the writ to the FBI, the decision to investigate is a discretionary act for which a writ of mandamus is unavailable.  *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) (collecting cases).  The Court will also not issue a writ to the FBI.  Therefore, the Court will deny these motions.

---

Second, if Petitioner properly requests the Commissioner take a **nondiscretionary** step of the administrative process to which Petitioner has a clear right and the Commissioner refuses, it is possible a writ of mandamus may be proper at that time.

It appears that Petitioner has received an initial determination but has not properly requested a reconsideration.  Petitioner may receive a request for reconsideration form from SSA or he may get one online.  For ease, the current direct link to the form is: https://www.ssa.gov/forms/ssa-561-u2.pdf.   Petitioner may need to request an extension of time to request reconsideration.  20 C.F.R. § 404.911 provides the standards for evaluating such requests.  Both the request for reconsideration and an extension of time must be in writing.  20 C.F.R. § 404.909.

### B.      Motion to Impose Sanctions and Appoint Counsel

Petitioner filed a motion requesting (1) the Court impose monetary sanctions against counsel for the Commissioner under Federal Rule of Civil Procedure 11, (2) Rule 11 monetary sanctions against the Acting United States Attorney for the District of Minnesota, and (3) the Court appoint Petitioner counsel.  (Objs. & Rule 11 Sanctions & Appoint Counsel, Aug. 12, 2021, Docket No. 22.)

Sanctions including monetary sanctions are available for filings to the Court that are presented for an improper purpose including causing unnecessary delay or if the filings contain factual contentions lacking evidentiary support.  Fed. R. Civ. P. 11.  "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)" after serving the motion and allowing 21 days for the challenged filing to be withdrawn.  Fed. R. Civ. P. 11(c)(2). Petitioner's sanctions motions fail for multiple reasons.  For both sanctions motions, the motions are not made separately from other motions and there is no indication the motions were properly served 21 days before being filed with the Court.  The request for sanctions against the Acting United States Attorney provides no explanation for the sanction.  As for the request for sanctions against counsel for the Commissioner, Petitioner seeks sanctions in connection with the Commissioner's motion for additional time to gather information before responding to Petitioner's petition alleging it was unnecessary and misleading.  The Commissioner requested 60 days to gather the

administrative record required to be filed with the Commissioner's answer, *see* 42 U.S.C.

405(g), and to otherwise answer. (Request for Extension of Time, June 29, 2021, Docket

No. 15.)   While motions for extensions may cause unnecessary delay in some

circumstances, the Commissioner's request for an additional 60 days was reasonable in

light of the Amended Petition's allegations, the caseload, the amount of time requested,

and other limitations caused by the Covid-19 pandemic.   Nothing indicates any

statements contained in the filings accompanying the Commissioner's request were

untruthful or misleading.   For this reason, the Magistrate Judge granted the request.

(Order, June 29, 2021, Docket No. 19.)  As such, the Court will deny the motions for

sanctions.

Because the Court will dismiss Petitioner's Amended Petition, his Motion to

Appoint Counsel is moot[9] and the Court will also deny it.

### C.      Motion for Writ of Mandamus and Sanctions

Petitioner filed another motion seeking a writ of mandamus and for sanctions.

(Mot. Issue Writ & Sanctions, Nov. 12, 2021, Docket No. 46.)  These motions suffer from

the same errors as his (1) petition and previous motions for a writ of mandamus and (2)

motion for sanctions.  Therefore, the Court will deny this motion.

---

[9] A motion is moot when it has no practical significance.  Because the Court will dismiss the Amended Petition, it has no practical significance whether Petitioner has counsel because there will be no case for counsel to prosecute.

D.      **Contempt Motion and for Recusal**

Petitioner also filed two largely identical motions requesting the Court hold

employees of the Commissioner in civil contempt and "appoint a judge of sound mind."

(1st Mot. Hold Employees of Respondent in Civil Contempt, Sept. 20, 2021, Docket No. 35;

2nd Mot. Hold Employees of Respondent in Civil Contempt & Appoint Judge, Sept. 24,

2021, Docket No. 36.)  The only meaningful difference is the caption and a page describing

Petitioner's problems with the Court's handling of this case.  Petitioner later filed an

affidavit that appears to support his motion under 28 U.S.C. §§ 144 and 455.  (Aff. of

Michael Petitioner, Jan. 26, 2022, Docket No. 57.)

These motions request the Court hold the Commissioner's employees in contempt

under 18 U.S.C. §§ 401 and 402.  A court may punish a party for violating a lawful order

under its power of contempt.  18 U.S.C. § 401; Fed. R. Civ. P. 70(e).  And willful violations

of lawful orders can in some circumstances be criminal.  18 U.S.C. § 402.  Here the Court

is unaware of and Petitioner does not point to any lawful order of this Court which the

Commissioner's employees have violated.  Therefore, the Court will deny the contempt

motions.

The Court interprets the request to "appoint a judge of sound mind" as a recusal

motion including to disqualify the Magistrate Judge.  To warrant removal of a judicial

officer, the movant bears the burden of demonstrating that there was "personal bias or

prejudice arising from an extrajudicial source." *Rossback v. United States*, 878 F.2d 1088,

1089 (8th Cir. 1989).  An unfavorable ruling alone "is insufficient to require disqualification

absent a showing of 'pervasive personal bias and prejudice.'"  *Holloway v. United States*,

960 F.2d 1348, 1351 (8th Cir. 1992) (quoting *Davis v. Comm'r of Internal Revenue*, 734 F.2d

1302, 1303 (8th Cir. 1984)).  Petitioner's disagreements with the Court's orders including

those from the Magistrate Judge do not imply any bias or prejudice.  The affidavit also

provides no evidence of bias sufficient to meet his heavy burden to demonstrate recusal

is necessary here.  There is no basis to remove the Magistrate Judge or for recusal.

> ### E.      Motion for Subpoena Duces Tecum

Finally, Petitioner filed three motions asking the Court to issue a subpoena duces

tecum compelling the Commissioner to produce documents and transcripts related to

Petitioner's telephone calls with SSA employees and an order compelling the

Commissioner and—it seems—counsel for the Commissioner to appear to testify under

oath.  Two of these motions are completely identical, just sent on different days.  (2nd

Mot. Issue Subpoena Duces Tecum, Nov. 23, 2021, Docket No. 48; 3rd Mot. Issue

Subpoena Duces Tecum, Jan. 26, 2022, Docket No. 56.)  The other starts the same but

then transitions to other issues including sanctions and how forms must be submitted to

SSA.  (1st Mot. Issue Subpoena Duces Tecum, Nov. 23, 2021, Docket No. 47.)  The Court

may issue a subpoena ordering the production of documents.  Fed. R. Civ. P. 17.  A

subpoena duces tecum must be reasonable, specific, and relevant.  *United States v. Kalter*,

5 F.3d 1166, 1169 (8th Cir. 1993).  The Court may sua sponte limit discovery, including

issuance of subpoenas, if the burden of discovery outweighs its likely benefit or if the

requests are irrelevant.  Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(iii); *Sheindlin v. Brady*, No. 21-

1124, 2021 WL 2075483, at *3 n.3 (S.D.N.Y. May 24, 2021); *Sanchez Y Martin, S.A. de C.V.*

*v. Dos Amigos, Inc.*, No. 17-1943, 2018 WL 2387580, at *4 (S.D. Cal. May 24, 2018).  The

documents Petitioner seeks have little benefit to proving the Court has jurisdiction.

Therefore, the Court will sua sponte deny these motions.

## CONCLUSION

The Court has no authority to hear this case without the proper subject matter

jurisdiction.  The Court has no jurisdiction under either 42 U.S.C. § 405 or 28 U.S.C. § 1361.

The Court will grant the Commissioner's Motion to Dismiss, dismiss the Amended Petition

without prejudice, and deny Petitioner's various other motions.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Respondent's Motion to Dismiss [Docket No. 38] is **GRANTED**;

2.  Petitioner's Amended Petition [Docket No 8-1] is **DISMISSED WITHOUT**

    **PREJUDICE**;

3.  Petitioner's Motions for a Writ of Mandamus [Docket No. 12] is **DENIED**;

4.  Petitioner's Motion for Sanctions [Docket No. 22] is **DENIED** and Motion to

    Appoint Counsel [Docket No. 22] is **DENIED** as moot;

5.  Petitioner's Motion to Hold Respondent's Employees in Contempt [Docket No. 35] is **DENIED**;

6.  Petitioner's Motion to Hold Respondent's Employees in Contempt and Appoint a Judge [Docket No. 36] is **DENIED;**

7.  Petitioner's Motions for a Writ of Mandamus [Docket No. 37] is **DENIED**;

8.  Petitioner's Motion for a Writ of Mandamus and Sanctions [Docket No. 46] is **DENIED**;

9.  Petitioner's Motion to Issue a Subpoena Duces Tecum and Compel Witnesses and Records [Docket No. 47] is **DENIED**;

10. Petitioner's Motion to Issue a Subpoena Duces Tecum and Compel Witnesses and Records [Docket No. 48] is **DENIED**; and

11. Petitioner's Motion to Issue a Subpoena Duces Tecum and Compel Witnesses and Records [Docket No. 56] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 23, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court